UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

RUTH BOGGS,

*Plaintiff-Appellant,*

v.

MERCK & COMPANY,

*Defendant-Appellee.*

No. 03-1518

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Benson Everett Legg, Chief District Judge.
(CA-02-1119)

Submitted: December 1, 2003

Decided: December 18, 2003

Before WILKINSON, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Beverly A. Wallace, WALLACE & DANTES, L.L.C., Towson,
Maryland, for Appellant. J. Snowden Stanley, Jr., SEMMES,
BOWEN & SEMMES, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Ruth Boggs appeals the district court's order granting summary judgment in favor of Merck & Company, Inc. ("Merck") in her action alleging Merck wrongfully denied her request for benefits under an employee benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C.A. §§ 1001-1461 (West 1999 & Supp. 2003) ("ERISA"). Boggs, an eleven-year Merck sales representative diagnosed with bipolar disorder in 1993, sought and received short and long term disability coverage in September 1998, nine months after her promotion to Senior Specialty Representative. Boggs argues that Metropolitan Life Insurance Company ("MetLife"), the plan administrator, lacked evidence to support its determination that her condition had improved to the point that she could return to employment in a position that would provide at least sixty percent of her pre-disability income. For the following reasons, we affirm.

This court reviews the grant of a motion for summary judgment de novo, applying the same legal standards used by the district court and viewing the facts and inferences drawn therefrom in the light most favorable to the non-movant. *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001). When reviewing an appeal from cross-motions for summary judgment, this Court must separately review the merits of each motion, taking care to resolve all factual disputes and competing rational inferences in favor of the party opposing that motion, to ascertain whether "either of the parties deserves judgment as a matter of law." *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003) (internal quotations omitted).

Generally, the district court reviews an allegedly wrongful denial of benefits de novo, "unless the benefit plan gives the administrator . . . discretionary authority to determine eligibility for benefits or to construe the terms of the plan," in which case the denial (if within the scope of the discretion that is explicitly or implicitly conferred by the plan), is reviewed for abuse of discretion. *Rego v. Westvaco Corp.*, 319 F.3d 140, 146 (4th Cir. 2003) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). If the abuse of discretion standard is appropriate, the benefits determination will not be dis-

turbed provided it is reasonable; that is, if it is "the result of a deliberate, principled reasoning process" supported by substantial evidence. *Brogan v. Holland*, 105 F.3d 158, 161 (4th Cir. 1997). The parties do not dispute that MetLife was vested with discretionary authority under Merck's plan.

We have reviewed the evidence in the record and agree with the district court that MetLife did not abuse its discretion in either initially discontinuing Boggs's disability payments after her initial twenty-four month eligibility payments or affirming that decision on appeal. Accordingly, we affirm the dismissal of Boggs's complaint for the reasons stated by the district court. *See Boggs v. Merck & Co.*, No. CA-02-1119 (D. Md. Mar. 27, 2003). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*